UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wells Fargo Bank, NA.,                                    Civil No. 15-1600 SRN/JJK

          Plaintiff,

v.                                                        **REPORT AND RECOMMENDATION**
                                     **ON MOTION TO REMAND**

Chai M. Le and Nhut Le,

          Defendants.


      Nhut Le and Chai M. Le, 422 Eldridge Avenue East, Maplewood, MN 55117, pro se plaintiffs;

      Samuel R. Coleman, Esq., Schiller & Adam, P.A., for defendant Wells Fargo Bank, N.A.


This action is before the Court, Magistrate Judge Jeffrey J. Keyes, on Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to remand to state court. (Doc. No. 4.)  Hearing on the motion was held on June 5, 2015, at the United States Courthouse, 316 No. Robert St., St. Paul, Minnesota.  The motion has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. §636(b)(1).  It is this Court's determination that the Plaintiff's motion to remand should be granted and the Plaintiff should be awarded attorney fees incurred in regards to this motion.

I. **Background**

    Defendants Nhut Le and Chai Le ("Le's") executed a promissory note on a loan from Plaintiff Wells Fargo Bank NA. ("Wells Fargo") in October 2013, for the

purchase of a residence in Maplewood, Minnesota.  The note was secured by a mortgage agreement.  Defendants immediately defaulted on the loan and mortgage without making a single payment.  Foreclosure proceedings were commenced on June 14, 2012; a sheriff's sale was conducted on October 2, 2012; and the property was purchased by Well Fargo, subject to a six-month redemption period which expired on April 22, 2013.  Wells Fargo commenced eviction proceedings in Ramsey County District Court on April 26, 2013.[1]

Defendants commenced an action in bankruptcy on May 7, 2013 and on July 3, 2013, they "removed" the eviction matter from Ramsey County Court to the Bankruptcy Court as a adversary proceeding.  On July 17, 2013 Defendants commenced a separate action in federal district court alleging an assortment of claims against numerous defendants and seeking damages and clear title to the residential property.  Subsequently, the District Court issued an Order consolidating multiple related federal cases with Defendants' federal action, including this eviction matter and other cases that had origins in bankruptcy or state court.[2]

This Court issued a Report and Recommendation on the consolidated action on March 17, 2014, recommending dismissal of Defendant's federal case and remanding this eviction proceeding to Ramsey County District Court.  (*Le v.*

---

[1] *Wells Fargo v. Le,* Ramsey Cty. Dist. Ct. No. 62-HG-CV-13-1016.

[2] *Le v. Wells Fargo, et al.* 13-1920 SRN/JJK, Doc. No. 68 (Oct. 17, 2013).

*Wells Fargo, et al.*, No. 13-1920 SRN/JJK, Doc. No. 162 (Mar. 13, 2014).) The Report and Recommendation was adopted by the District Court on April 28, 2014, and this eviction matter was expressly remanded to Ramsey County District Court. (*Id.* (Doc. No. 175).) Defendants' appealed the decision to the Eight Circuit and the District Court's Order was affirmed March 13, 2014. (*Id.* (Doc. Nos. 182 and 183).)[3] The Bankruptcy Court terminated the automatic stay on March 20, 2015, allowing Wells Fargo to proceed with the eviction, and prompting the Defendants to again file a Notice of Removal to federal court as to the same case, Ramsey Cty. No. 62-HG-CV-13-1016, that was previously remanded. (Removal Not. (Doc. No. 1).)

## II. Analysis

**Subject Matter Jurisdiction.** This case was previously remanded to Ramsey County District Court on grounds that the removal was improper because the federal court lacked subject matter jurisdiction based on either diversity of citizenship or federal question. The same lawsuit has now been removed again and there has been no change in circumstances or theories to establish federal jurisdiction or otherwise make the removal proper. As with the first remand, the federal court lacks diversity jurisdiction because, under the "forum defendant" rule, a case may be removed to federal court based on

---

[3] The Eight Circuit mandate was issued on May 7, 2015. (*Id.* (Doc. No. 186).)

diversity jurisdiction only if none of the defendants are citizens of the state in which the action is brought. (28 U.S.C. § 1441(b).) Here, the Defendants in the state case are citizens of the state in which the eviction case was brought. With regard to federal question jurisdiction, the eviction case does not invoke any federal laws and there simply are no federal issues presented. The U.S. District Court may not adjudicate a case without having subject matter jurisdiction, and remand is therefore required.

**Attorney Fees and Costs Award.** Wells Fargo seeks an award of reasonable attorney fees incurred in bringing this motion. As support for their attorney fees request Wells Fargo submits the Declaration of Samuel R. Coleman, including a billing invoice which sets out each date on which services were provided, a description of the service rendered, the hourly rate, the time expended, and the amount of the fee attributable to the particular service. (Doc. No. 18.) All the billed services were provided by Samuel R. Coleman, associate attorney with Schiller & Adam, P.A., counsel for Wells Fargo. A total of 7.7 hours were billed at the rate of $200 per hour, for a total billing amount of $1,540 incurred in regards to this motion to remand. No costs were charged.

This Court concludes that Wells Fargo is entitled to an award of attorney fees in this case pursuant to 28 U.S.C. § 1447(c). The statute provides:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

*Id.* In *Martin v. Franklin Capital Corp.* the United States Supreme Court stated:

> "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied . . . . Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

546 U.S. 132, 140-41 (2005).

Here, the Notice of Removal was filed shortly after the automatic stay in bankruptcy was lifted, and this Court can comprehend no reason that this matter was removed to federal court other than to delay the eviction proceedings in Ramsey County District Court.  It is particularly noteworthy that the Notice of Removal was filed after the same case had previously been remanded; there was neither a new pleading or other document which might arguably support removal; and no new grounds for removal were alleged.  This Court concludes that there was no objectively reasonable basis for removal of this eviction case.  Also, this case presents no unusual circumstances which would weigh against an attorney fees award.  Defendants have continued to reside on the property for a substantial length of time without having made any mortgage payments, meanwhile continuously engaging in legal maneuvering by commencing lawsuits having no apparent legal merit, without any regard whatsoever for the financial and time burdens that have been inflicted on Wells Fargo and the courts.

This Court concludes that the billing rate of $200 per hour is reasonable for

an attorney in this market area with Mr. Coleman's experience and credentials, and the 7.7 hours expended in preparing and presenting the motion are likewise reasonable. Wells Fargo's request for an award of attorney fees in the total amount of $1,540 should be granted.

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the Court, this Court makes the following:

## RECOMMENDATION

It is **hereby recommended** that:

1. Plaintiff Wells Fargo Bank, N.A.'s Motion to Remand this action to Ramsey County District Court be **GRANTED** (Doc. No. 4); and

2. Plaintiff Wells Fargo Bank, N.A. request for an award of attorney fees be **GRANTED** in the amount of $1,540.


Dated:   June 11, 2015

  s/*Jeffrey J. Keyes*
Jeffrey J. Keyes
United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 25, 2015, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's

brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.