## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Wells Fargo Bank, NA,** | No. 15-CV-1600 (SRN/JJK) |
| **Plaintiff,** | MEMORANDUM OPINION AND ORDER |
| v. | |
| **Chai M. Le and Nhut Le,** | |
| **Defendants**. | |

Samuel R. Coleman, Schiller & Adam, P.A., 25 North Dale Street, St. Paul, Minnesota 55102, for Plaintiff

Chai M. Le and Nhut Le, 422 Eldridge Avenue East, Maplewood, Minnesota 55117, Pro Se

_____

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes, dated June 11, 2015 [Doc. No. 20], recommending that the Motion to Remand [Doc. No. 4] filed by Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") be granted. Defendants Chai M. Le and Nhut Le filed timely Objections to the R&R [Doc. No. 23], to which Plaintiff responded [Doc. No. 25].

According to statute, the Court must conduct a de novo review of any portion of the magistrate judge's opinion to which specific objections are made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(c); <u>see also</u> Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review and for the reasons set forth below, the Court adopts the R&R in its entirety.

**I.     BACKGROUND**

The facts underlying this motion are thoroughly set forth in the detailed R&R, which the Court incorporates by reference. (R&R at 2-3 [Doc. No. 20].) In brief, Defendants, who are residents of Minnesota (<u>see</u> Compl. ¶ 9 [Doc. No. 1], <u>Le v. Wells Fargo Bank, NA.</u>, No. 13-CV-1920 (SRN/JJK)), executed a promissory note for a Maplewood, Minnesota home, secured by a mortgage agreement with Wells Fargo. (R&R at 2 [Doc. No. 20].) In approximately June 2012, foreclosure proceedings were commenced. (<u>Id.</u>) Following a October 2, 2012 sheriff's sale, Wells Fargo purchased the residence, subject to a six-month redemption period, which expired on April 22, 2013. (<u>Id.</u>) On April 26, 2013, Wells Fargo initiated eviction proceedings in Ramsey County District Court. (<u>Id.</u>)

On May 7, 2013, the Les filed for bankruptcy and thereafter began an adversary proceeding in bankruptcy. (<u>Id.</u>) On July 3, 2013, they "removed" the eviction matter from Ramsey County District Court to the Bankruptcy Court as a second adversary proceeding. (Adv. Case No. 13-03135.) In addition, on July 17, 2013, the Les commenced a separate action in federal district court, asserting various claims against Wells Fargo and several individual defendants, seeking damages and clear title to the property. (R&R at 2 [Doc. No. 20].) On July 31, 2013, Defendants filed a removal

notice, seeking to remove their bankruptcy matters to this Court.  This Court subsequently consolidated several cases involving the Les.  (Order of 10/17/13 [Doc. No. 68], Le v. Wells Fargo, NA, No. 13-1920 (SRN/JJK).)  On April 28, 2014, this Court dismissed the Les' federal case, returned the core bankruptcy matter to Bankruptcy Court, and remanded the eviction proceeding to Ramsey County District Court.  (Order of 4/28/14 [Doc. No. 175], Le v. Wells Fargo, NA, No. 13-1920 (SRN/JJK).)  The Les appealed to the Eighth Circuit Court of Appeals, which affirmed this Court's ruling.  Le v. Wells Fargo Bank, N.A., 595 Fed. App'x 661 (8th Cir. 2015) (per curiam).  On March 20, 2015, the Bankruptcy Court terminated an automatic stay that had been in effect, which allowed Wells Fargo to proceed with the eviction.  (R&R at 3 [Doc. No. 20].)  The Les then filed the Notice of Removal that commenced the current action, removing the same case, Ramsey Cnty. No. 62-HG-CV-13-1016, that the Court had previously remanded.  As noted, Plaintiff Wells Fargo filed the instant motion, seeking remand to Ramsey County District Court [Doc. No. 4], which the magistrate judge recommended in the R&R.

   In his findings and recommendations on Plaintiff's remand motion, Magistrate Judge Keyes found that this Court lacks subject matter jurisdiction, as there is no diversity of citizenship or federal question jurisdiction.  (R&R at 3-4 [Doc. No. 20].)  Noting that the Court may not adjudicate a case without jurisdiction, he found that remand to state court was required.  (Id.)  In response to Wells Fargo's request for an award of attorney's fees incurred as a result of removal to this Court, Magistrate Judge Keyes awarded $1,540 to Wells Fargo.  (Id. at 4-5.)

Defendants raise three objections to the R&R.  (Defs.' Obj. at 1-2 [Doc. No. 23].)  First, they argue that this Court possesses jurisdiction over their suit, because Defendants are presently involved in a Chapter 13 bankruptcy proceeding.  (Id. at 1.)  Second, they contend that attorney's fees are not warranted because there is no basis for remand.  (Id.)  Third, they argue that the magistrate judge's statement that "Defendants immediately defaulted on the loan and mortgage without making a single payment" is "patently false, scandalous, and unfairly prejudices" them.  (Id. at 3.)  Instead, the Les contend that they made payments in the amount of $7,304.96 to Wells Fargo's closing agents.  (Id.)   In support of their Objections, Defendant submitted several exhibits.

In response to Defendants' Objections, Plaintiff asks the Court to adopt the R&R, arguing that Defendants' arguments are without merit.  (Pl.'s Resp. at 1 [Doc. No. 25].)  Plaintiff further argues that the Court should not consider Defendants' exhibits, as they were not part of the record and cannot therefore be considered.  (Id.)

**II.	DISCUSSION**

The magistrate judge properly observed that a case cannot be removed to federal court based on diversity jurisdiction if any of the defendants are citizens of the state in which the action is brought.  (R&R at 3-4 [Doc. No. 20]) (citing 28 U.S.C. § 1441(b)).  Defendants are citizens of Minnesota, who sought removal in the District of Minnesota.  (See Compl. ¶ 9 [Doc. No. 1], Le v. Wells Fargo Bank, NA., No. 13-CV-1920 (SRN/JJK).)  Magistrate Judge Keyes also correctly found that the eviction proceeding did not involve any federal question jurisdiction, let alone the presentation of any federal

issues.  (R&R at 3-4 [Doc. No. 20].)

Defendants, however, cite 28 U.S.C. § 1452(a) for the proposition that this Court has jurisdiction, based on Defendants' Chapter 13 bankruptcy proceeding.  (Defs.' Obj. at 2 [Doc. No. 23].)   Section 1452, however, is unavailing here.  That section permits a party to remove claims related to bankruptcy proceedings to district court, providing as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Section 1334 states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(2).  The Court finds that the bankruptcy proceedings are not sufficiently "related" under § 1334 to the eviction case, which occurred before the bankruptcy proceedings began.  Moreover, pursuant to § 1334, even if the eviction and bankruptcy proceedings were related, the eviction action was commenced in state court and there is no indication that it will not be timely adjudicated.  Accordingly, the Court finds no basis for subject matter jurisdiction and remand is required.

Having found that this Court lacks subject matter jurisdiction, the Court turns to Defendants' objection to the magistrate judge's recommendation to award attorney's fees. Upon remand, the payment of costs, including attorney's fees, incurred by the non-removing party is within the discretion of the court.  28 U.S.C. § 1447(c).  The Supreme Court has noted that, absent unusual circumstances, the appropriate test for awarding fees under § 1447(c) involves consideration of whether the removing party lacked an objectively reasonable basis for seeking removal.  Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005).  The magistrate judge properly found that there was no objectively reasonable basis for seeking removal here, for the following reasons:  (1) the removal notice was filed shortly after the automatic stay in bankruptcy was lifted; (2) it was filed after the same case had been remanded previously; (3) there was no new pleading or other document that could arguably support removal; and (4) there were no new grounds alleged for removal.  (R&R at 5 [Doc. No. 20].)  The Court agrees with the magistrate judge's finding that there was no objectively reasonable basis for seeking removal.  In addition, Magistrate Judge Keyes reviewed the fee submissions submitted by counsel for Wells Fargo and determined that they were reasonable.  The Court agrees.

As noted, Defendants' final objection to the R&R is that the magistrate judge, in the recitation of factual background in the R&R, falsely and prejudicially stated that Defendants had immediately defaulted on the loan and mortgage without making a single payment.  (Defs.' Obj. at 2 [Doc. No. 23].)   Regardless of whether Defendants made no

payments or, as they contend, made payments of over $7,304.96, there is no dispute that foreclosure proceedings, and ultimately eviction proceedings, commenced. Even assuming for the sake of argument that Defendants are correct, any misstatement in the R&R as to the amount or lack of payment is harmless. It was merely provided for context and has no impact whatsoever on the legal question before the Court – whether this Court has subject matter jurisdiction over the state court eviction proceeding. The magistrate judge properly found that jurisdiction is lacking and recommended that the matter be remanded to state court. This Court agrees in all respects.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court **ADOPTS** the R&R [Doc. No. 20];

2. Defendants' Objections [Doc. No. 23] are **OVERRULED**;

3. Plaintiff Wells Fargo Bank, N.A.'s Motion to Remand this action to Ramsey County District Court [Doc. No. 4] is **GRANTED**;

4. This matter is **REMANDED** to the District Court for the Second Judicial District, Ramsey County, Minnesota; and

5. The request of Plaintiff Wells Fargo Bank, N.A. for an award of attorney fees in the amount of $1,540 to be paid by Chai M. Le and Nhut Le is **GRANTED**.

Dated:   June 29, 2015

                                                  s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge